JULIE A. MERSCH, ESQ.
Nevada Bar No. 004695
LAW OFFICE OF JULIE A. MERSCH
701 S. 7th Street
Las Vegas, NV 89101
(702) 387-5868
Fax: (702) 387-0109
jam@merschlaw.com
*Attorney for Plaintiff, Tatiana Bushee*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TATIANA BUSHEE<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, as Claims Administrator for the Safeway, Inc. Group Disability Income Plan; DOES I through V; and ROE CORPORATIONS I through V, inclusive,<br><br>Defendants | CASE NO.:<br><br>**COMPLAINT** |

Plaintiff TATIANA BUSHEE, by and through her attorney, JULIE A. MERSCH, ESQ., complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory and injunctive relief and disability benefits owed, and arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

2. This Court has subject matter jurisdiction under ERISA, 29 U.S.C. § 1132(e)(1); and general federal jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district, pursuant to 29 U.S.C. § 1132(e)(2).

**GENERAL ALLEGATIONS**

4. Plaintiff TATIANA BUSHEE, at all times relevant, was a qualified participant in the Safeway, Inc. Group Disability Income Plan ("subject Plan") within the meaning of 29 USCA § 1002(7) of ERISA.

5. Safeway, Inc. was Plaintiff's employer and is the Plan Administrator for the subject Plan.

6. Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("LIBERTY") is Safeway's agent and the designated Claims Administrator of the subject Plan. Thus, LIBERTY was and is a fiduciary with respect to the Plan as that term is defined pursuant to 29 U.S.C. § 1002(21)(A).

7. Upon information and belief, LIBERTY fully insures the subject Plan and performs claims handling functions for the subject Plan, including the ultimate decision of whether to accept, deny, or terminate a claim.

8. Pursuant to the terms of the subject Plan, Plaintiff made a claim to LIBERTY for Long-Term Disability ("LTD") benefits. Specifically, while Plaintiff was covered under the subject Plan, she suffered a disability as a result of, *inter alia*, bilateral recurrent carpal tunnel syndrome after three failed surgeries; median neuritis; cervical spondylosis; chronic bilateral hand tenosynovitis; and chronic myofascial pain syndrome, manifested by symptoms of chronic hand and arm pain, and diminished grip strength and sensation in her left hand. Her symptoms cause difficulty with repetitive flexion and extension of her wrists; sustained wrist positions; firm and sustained grasp/grip/pinch; dexterity and fine finger manipulation; and constant handling of objects, rendering her disabled under the terms of the subject Plan as of January 29, 2015.

9. The "Test of Disability" set forth in the subject Plan provides for the payment of LTD benefits for the first twenty-four (24) months if a plan participant like Plaintiff is "unable is to perform the Material and Substantial Duties of her Own Occupation as a result of Injury or Sickness" ("own occupation" definition). Thereafter, in order to continue to receive LTD benefits, the plan participant must be "unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation" ("Any Occupation" definition). "Any Occupation," as defined in the subject Plan, means "any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity."

10. BUSHEE worked as a Floral Manager at a Safeway store in Sparks, Nevada. Her job is classified as a medium-level physical demand position which requires, *inter alia*, training and supervision of floral clerks; stocking plants, balloons, garden supplies, and artificial arrangements; watering plants; designing and making floral arrangements; cleaning the floral area; maintaining inventory; inflating balloons; managing signs and pricing; writing orders; preparing and maintaining displays; and operating the cash register. The position requires, *inter alia,* constant use of both hands, occasional lifting and carrying of 20-50 pounds, and frequent lifting and carrying of 10-25 pounds.

11. LIBERTY accepted Plaintiff's LTD claim and paid benefits under the "own occupation" definition of disability for the maximum period of twenty-four (24) months, from July 28, 2015 through July 27, 2017.

12. On April 24, 2017, LIBERTY referred the file for medical review by Janet Whirlow, MD, who concluded that the medical evidence supported diagnoses of "bilateral recurrent carpal tunnel syndrome and median neuritis left greater than right, with chronic hand and arm pain," with comorbid conditions of "cervical spondylosis, chronic bilateral hand tenosynovitis, and chronic myofascial pain syndrome," resulting in impairments of "difficulty with repetitive flexion and extension of the wrist, sustained awkward wrist positions, firm and sustained grasp/grip/pinch, dexterity and fine finger manipulation, and constant handling of objects." Dr. Whirlow opined that these impairments translate to restrictions and limitations ("R&L's") including, *inter alia,* exerting up to 10 pounds of force *occasionally*, and/or *negligible force frequently* with the right and/or left upper extremity; *light* grasp/grip/pinch, fingering, handling and manipulating objects and keyboarding *no more than 50% of the time*; and *avoidance of firm* grasp/grip/pinch and use of vibratory tools. Dr. Whirlow advised that, given the surgical findings of neural inflammation and scarring combined with the chronicity of BUSHEE's symptoms, these R&L's were "expected to continue indefinitely."

13. The Social Security Administration ("SSA") awarded Plaintiff Social Security Disability Benefits ("SSDIB") in a Notice of Award letter dated August 13, 2017, with an effective date of December 6, 2015. LIBERTY subsequently exercised its right under the

subject Plan to recoup the overpayment it had made to her while she was awaiting the award from the SSA.

14. LIBERTY terminated Plaintiff's LTD benefits as of July 28, 2017, after it determined that she did not satisfy the "Any Occupation" definition of disability. In its June 13, 2017 letter to Mrs. Bushee ("termination letter"), LIBERTY notified BUSHEE that it had completed a transferrable skills analysis and identified two alternate occupations for which Plaintiff was qualified based on her training, education, and experience that fell within the physical restrictions and limitations identified by Dr. Whirlow – an "Information Clerk" and a "Security Guard." The termination letter did not include the job descriptions on which LIBERTY relied to determine that Bushee could perform the material duties of these occupations.

15. Plaintiff, via counsel, appealed the termination of benefits in a letter dated December 12, 2017 ("appeal letter"), arguing, *inter alia,* that LIBERTY did not assess the effect of Plaintiff's chronic arm and hand pain on her ability to perform the duties of any occupation on a full-time basis. Plaintiff's appeal letter reminded LIBERTY that the SSA had awarded BUSHEE disability benefits as of December 6, 2015, and enclosed a copy of the July 15, 2017 consultative orthopedic examination conducted by Michael Glick, DO on the SSA's behalf and upon which the SSA relied to award benefits. Dr. Glick's findings included, *inter alia,* decreased ranges of motion of the wrists for left dorsiflexion (0°-40°); left palmarflexion (0°-55°); left radial deviation (0°-15°); right radial deviation (0° -10°); left ulnar deviation (0°-20°); right ulnar deviation (0°-25°); right and left palmar tenderness; decreased grip strength on the left; and decreased sensory to light touch in both upper extremities. His diagnostic impressions included, *inter alia,* bilateral carpal tunnel syndrome with residual "significant problems", worse on the left; and associated nerve pain. As to BUSHEE's functional abilities, Dr. Glick opined that she was limited in her ability to reach, finger, or handle objects due to her carpal tunnel syndrome.

16. In further support of her appeal, Plaintiff also submitted a letter dated September 1, 2017 from her treating physician, James Christensen, MD who opined that Plaintiff was

unable to work due to constant pain, hypersensitivity, and neuritis of the median nerve bilaterally. In her appeal letter, Plaintiff also reminded LIBERTY that she required the use of *six different pain medications* to control and relieve her pain symptoms.

17. Plaintiff concluded her appeal letter by itemizing the evidence in support of ongoing payment of benefits under the "Any Occupation" definitition:

> On behalf of Mrs. Bushee, please consider this appeal letter and the exhibits and reverse Liberty's termination of benefits. Due to her exquisite pain and tenderness in her hands and well as her co-morbid cervical issues identified by Dr. Whirlow; the restrictions and limitations supported by the 1/13/16 FCE results and Dr. Whirlow's own restrictions and limitations; her long-time treating doctor's opinion that she is unable to work; Mrs. Bushee's subjective reports of pain; and the Social Security determination, including the results of the medical examination performed therefor this year, I respectfully urge Liberty to reverse its decision to terminate her benefits and reinstate them from the date of termination through the present and ongoing, subject to policy provisions.

Appeal Letter at 6.

18. LIBERTY referred the file for an independent peer review by a physical medicine and rehabilitation physician via its vendor, MES, on December 20, 2017 with additional instructions to "contact Dr. Christensen to discuss the claimant's impairments." William J. Kroski, DO reviewed BUSHEE's claim file, including Dr. Glick's July 15, 2017 evaluation and Dr. Whirlow's 4/27/17 peer review. Dr. Kroski *did not* speak to Dr. Christensen as instructed by LIBERTY, nor did he notify LIBERTY/MES of his unsuccessful attempts to speak to Dr. Christensen prior to completing his report. Based on his paper review alone, Dr. Kroski opined that the medical evidence supported BUSHEE's diagnosis of carpal tunnel syndrome causing impairment, and recommended **restrictions and limitations of lifting and carrying up to 20 pounds occasionally and 10 pound frequently; occasional keyboarding; and occasional upper extremity use "with all maneuvers" over an 8-hour workday.** Notably absent from Dr. Kroski's review was any discussion of 1) Dr. Glick's assessment that BUSHEE suffers "significant problems" related to her carpal tunnel syndrome and associated nerve pain and his opinion that BUSHEE is limited in her ability to reach, finger, or handle objects; and 2) (LIBERTY's own doctor) Dr. Whirlow's restrictions in hand use to light grasp/grip/pinch, finger, handle, and manipulate objects and keyboard "no more

than 50% of the time."

19. On January 22, 2018, LIBERTY denied Plaintiff's appeal ("appeal denial letter"), citing Dr. Kroski's restrictions and limitations and stating simply that BUSHEE "would be able to perform at a sustained full-time capacity" within those restrictions. LIBERTY did not indicate *what occupation(s)* BUSHEE would be able to perform given the restrictions; itemize the Material and Substantial Duties of an "Information Clerk" and "Security Guard"; or otherwise undertake any additional occupational evaluation incorporating Dr. Kroski's restrictions. In the appeal letter, LIBERTY essentially disregarded the findings in Dr. Glick's orthopedic examination for the SSA, explaining that

> The Social Security Administration will afford special deference to the opinion of a treating physician over the opinion of a non-treating physician. However, the treating physician rule followed by the Social Security Administration is not applicable in ERISA benefit cases.

<u>Appeal Denial Letter</u> at 5. Dr. Glick was **NOT** BUSHEE's treating physician, so LIBERTY's statement (cited here) should be read to endorse payment of Any Occupation benefits because a **non-treating** physician – Dr. Glick – offered medical restrictions and limitations in support of payment of Social Security Disability benefits.

20. The appeal denial letter advised BUSHEE that the decision was LIBERTY's final decision on the claim and further advised her of her right to file a federal lawsuit under ERISA.

**<u>Claim for Relief: Wrongful Denial of Benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132 (A)(1)(B)</u>**

21. Paragraphs 1-20 are incorporated by reference as if fully set forth herein.

22. Defendant has wrongfully terminated long-term disability benefits to Plaintiff in violation of the subject Plan, ERISA, and interpretive case law for reasons including, but not limited to:

a. LIBERTY ignored relevant medical information provided by Plaintiff's treating providers that she was unable to work at any reasonable occupation.

b. In denying BUSHEE's appeal, LIBERTY ignored the opinion of a non-treating physician whose restrictions and limitations supported payment of Any

Occupation benefits.

c. LIBERTY failed to fully and fairly consider Plaintiff's own statements in support of her inability to work, including her subjective reports of pain.

d. LIBERTY failed to explain how Plaintiff would be able to perform with reasonably continuity the material and substantial duties of an "Information Clerk" and "Security Guard" given her limited use of her hand; her pain; and the side effects of her pain medication.

e. Prior to terminating benefits and upholding its decision on appeal, LIBERTY failed to determine the effect on BUSHEE that a "return to work" would have on her overall medical condition and ability to maintain work.

f. LIBERTY failed to itemize the material and substantial duties of an "Information Clerk" and "Security Guard" and compare those DUTIES to the restrictions and limitations recommended by Drs. Glick, Christensen, Kroski, and LIBERTY's (own) Dr. Whirlow.

g. LIBERTY failed to provide any reasonable basis on which it distinguished BUSHEE's Social Security award of disability benefits from its decision to terminate benefits under the Any Occupation definition.

23. As a result of the foregoing actions and inactions, LIBERTY has failed to pay Plaintiff long-term disability benefits under the subject plan from July 28, 2017 through the present.

## PRAYER FOR RELIEF

24. Plaintiff requests that this court review the denial of benefits in this case and declare that she is entitled to: 1) long-term disability benefits from July 28, 2017 through the present and continuing, as set forth in the subject Plan; 2) reinstatement of any ancillary benefits under the subject plan to which she would be entitled retroactive to July 28, 2017; 3) an award of pre-judgment interest; and 4) payment of attorney's fees and costs associated with attempting to secure the benefits owed to her pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1).

DATED this 4th day of May, 2018.

LAW OFFICE OF JULIE A. MERSCH

By: /s/ Julie A. Mersch

JULIE A. MERSCH, ESQ.
Nevada Bar No. 004695
701 S. 7th Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff Tatiana Bushee*

W:\BUSHEE\PLDGS\COMPLAINT.wpd